CLUFF v. PITTSBURG RYS. CO.

(Circuit Court, W. D. Pennsylvania. March 28, 1906.)

No. 37.

STREET RAILROADS—INJURY OF PERSON ON STREET—ACTION FOR DAMAGES.

Evidence of the negligence of a defendant in operating a street car by which plaintiff was injured, by running at excessive speed, and failing to give warning by signals, and of contributory negligence by plaintiff, held such as to render proper the submission of both issues to the jury.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 251-257.]

At Law. On motion for new trial.

Thos. M. & R. P. Marshall, for plaintiff.
Burleigh, Gray & Challener, for defendant.

BUFFINGTON, District Judge. This is a motion for a new trial. The alleged negligence of the defendant consisted in operating the car at an undue rate of speed and in failing to sound a gong to warn the plaintiff of danger. The defendant called no witnesses, and we think there was sufficient evidence on the part of the plaintiff to satisfy the jury that no warning was given by the gong and that considering the situation and surroundings the car was operated at an excessive, if not, indeed, a reckless rate of speed. In that regard there was no error in our submitting the case to the jury. The remaining question is whether the proof showed contributory negligence on plaintiff's part. We have looked over the ground—one of the frequented street corners of the city—where the accident took place. The plaintiff was a stranger in the city. The car was coming down the bridge approach at a high rate of speed; he had no reason to suspect that coming at such a rate and the gong not being sounded the car would turn from the straight road on which it was headed and would make the sharp turn down Duquesne Way. Moreover the plaintiff stopped before he crossed the track. But it is suggested that he should have stopped later and nearer to the track. Considering the size of the car and the distance it and its fender would project over the track when rounding a curve, we think it would have been dangerous for a pedestrian to stop any closer to the track than the plaintiff did. At all events the facts bearing on the question of contributory negligence were such that different deductions might well be drawn from them by reasonable men. It was therefore the duty of the court to submit the case to the jury to draw its own inferences.

We are therefore unwilling to disturb the moderate verdict which the jury found.